Michael A. **FARRIS,** Plaintiff,

v.

**EXOTIC RUBBER AND PLASTICS OF MINNESOTA, INC., d/b/a Acrylic Design Associates, a Minnesota corporation, and William J. McNeely, Sr., Defendants.**

**No. CIV. 99–1364 (PAM/JGL).**

United States District Court, D. Minnesota.

March 12, 2001.

Marc Grant Kurzman, Kurzman Grant & Ojala, Minneapolis, MN, for plaintiff.

Kathleen Mary Mahoney, Donald G. Heeman, Oppenheimer, Wolff & Donnelly, St. Paul, MN, Jay A. Johnston, Oppenheimer, Wolff & Donnelly, Minneapolis, MN, for defendants.

## ORDER

MAGNUSON, District Judge.

This matter is before the Court on the Motion for Summary Judgment by Defendants Exotic Rubber and Plastics of Minnesota, Inc., d/b/a Acrylic Design Asso-ciates and William J. McNeely, Sr. ("Defendants"). In the underlying lawsuit originally filed in state court, Plaintiff Michael A. Farris ("Plaintiff") asserts claims for wrongful termination, promissory estoppel with respect to stock payments, promissory estoppel with respect to a jewelry display device, breach of fiduciary duty, fraudulent inducement, defamation, and age discrimination under the United States Age Discrimination in Employment Act ("ADEA") and the Minnesota Human Rights Act ("MHRA"), arising from Defendants' termination of his employment as President of Acrylic Design Associates in June 1999. Defendants removed the lawsuit to this Court based on federal question jurisdiction and now move for summary judgment. For the following reasons, Defendants' motion is granted with respect to Plaintiff's age discrimination claim, and the remaining claims are dismissed without prejudice and remanded to state court.

## DISCUSSION

### A. Standard

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Unigroup, Inc. v. O'Rourke Storage & Transfer Co.*, 980 F.2d 1217, 1219–20 (8th Cir. 1992). The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *See Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir.1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91

L.Ed.2d 202 (1986); *Krenik,* 47 F.3d at 957. The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Enterprise Bank v. Magna Bank of Missouri,* 92 F.3d 743, 747 (8th Cir.1996). However, as the United States Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Celotex,* 477 U.S. at 327, 106 S.Ct. 2548 (quotation omitted).

## B. Age Discrimination

■ Plaintiff claims that he was terminated as President of Acrylic Design Associates and replaced by Pat Haubner ("Haubner"), a younger person, in violation of the ADEA and the MHRA. Both the ADEA and the MRHA prohibit an employer from discharging an employee within a protected age group (40 years old and over) because of that employee's age. 29 U.S.C. §§ 623(a)(1), 631(a); Minn.Stat. § 363.03 subd. 1(2)(b). Furthermore, both statutes are governed by the McDonnell Douglas burden-shifting framework. *Snow v. Ridgeview Med. Ctr.,* 128 F.3d 1201, 1207, 1208 n. 6 (8th Cir.1997) (reviewing MHRA claim under same standards as ADEA claim).

■ As President, Plaintiff understood that his duties included working with sales personnel, increasing profits, introducing new products, and coordinating with purchasers who were interested in making Acrylic Design Associates their supplier. (Farris Dep. at 182; *see also* J. Anderson Dep. at 23 (noting that Farris was to manage the sales force and bring in new business).) Plaintiff asserts that he has established a prima facie case for age discrimination by showing that he was

a member of the protected group, qualified for his position as President, and after his termination, a younger person was assigned to do his work. (Compl. ¶¶ 4.01–4.07.) Defendant argues that Plaintiff has failed to establish a claim for age discrimination because he has not shown that a younger employee replaced him as President following his termination. Defendant also argues that Plaintiff provides no evidence to rebut its legitimate, non-discriminatory reason for terminating him for poor sales performance.

It is undisputed that Haubner was hired nearly one year before Plaintiff was terminated. (Farris Dep. at 291.) Haubner was hired as Controller in charge of Acrylic Design Associates' financial planning and accounting. It is also undisputed that no one filled the position of President after Plaintiff was terminated. *See Schlitz v. Burlington Northern R.R.,* 115 F.3d 1407, 1413 (8th Cir.1997) (finding that the plaintiff could not meet the prima facie burden that a younger employee replaced him when the position was never filled). Based on these facts alone, Plaintiff has failed to meet his prima facie burden.

Nevertheless, Plaintiff suggests that Haubner assumed his duties after he was terminated and argues that this is evidence that his termination was motivated by age-based animus. However, the duties Plaintiff asserts that Haubner performed do not demonstrate that Haubner assumed Plaintiff's duties as President. In sum, according to Plaintiff, Haubner was speaking and handing out awards at company-wide luncheons, asking for sales projections so that he could prepare the company's budget, and declaring a non-competition agreement that Plaintiff had signed with another company "null and void." *See* Farris Dep. at 143–44, 294; J. Anderson Dep. at 19; Halverson Dep. at 23; Murray Dep. at 25; Waldron Dep. at

25; Beggs Aff. ¶ 5. Plaintiff has offered no evidence to dispute that William J. McNeely, Sr., who is founder and Chief Executive Officer of Acrylic Design and eleven years Plaintiff's senior, now manages the sales team. (Haubner Aff. ¶ 2.) Based on these facts, the Court simply cannot conclude that Plaintiff raised an inference that his termination was caused by age-based animus. *See Snow*, 128 F.3d at 1208 (noting that evidence in support of plaintiff's prima facie case, including allegations that her duties were assigned to other employees, was not sufficient to create genuine dispute regarding intentional age discrimination). Accordingly, Defendant's Motion for Summary Judgment is granted with respect to Plaintiff's claim for age discrimination under the ADEA and MHRA.

### C. Remaining State Law Claims

■ Plaintiff also has asserted state law claims for wrongful termination, promissory estoppel with respect to stock payments, promissory estoppel with respect to a jewelry display device, breach of fiduciary duty, fraudulent inducement, and defamation. Because the Court has granted summary judgment to Defendants on Plaintiff's federal claim, the Court must determine whether the exercise of supplemental jurisdiction over these state claims is proper. According to 28 U.S.C. § 1367(c)(3), the Court "may decline to exercise supplemental jurisdiction over a claim ... if the [Court] has dismissed all claims over which is has original jurisdiction." In making this decision, the Court should consider the principles of judicial economy, comity, fairness, and convenience. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). The Court should also recognize that the "normal practice" when federal claims are dismissed prior to trial is to dismiss the supplemental state claims as well. *Kapaun v. Dziedzic*, 674 F.2d 737, 739 (8th Cir.1982). Where, as here, resolution of the remaining claims depends solely on a determination of state law, the Court should decline to exercise jurisdiction. *See, e.g., Baggett v. First Nat'l Bank*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law."). Likewise, the remaining state law claims are unrelated to the federal claim. Finally, the litigation is not so far along that dismissal of these claims will work a hardship on any party. *See Willman v. Heartland Hosp. East*, 34 F.3d 605, 613 (8th Cir.1994) (affirming court's discretion to decline to exercise jurisdiction over state claims when federal claims were dismissed two weeks before trial). After considering all of the relevant factors, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

Accordingly, **IT IS HEREBY ORDERED** that

1. Defendant's Motion for Summary Judgment (Clerk Doc. No. 13) is **GRANTED** with respect to Plaintiff's claim for age discrimination under the ADEA and the MHRA;

2. Plaintiff's remaining state law claims are **DISMISSED WITHOUT PREJUDICE** and **REMANDED** to the Fourth Judicial District of the Minnesota District Court, Hennepin County; and

3. Defendants' motion for order allowing sur-reply or in the alternative to strike Plaintiff's response is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**